Max Meyers, Appellant, v. Joel Johnson, Appellee.

Gen. No. 19,312. (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. ISAAC HUDSON, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1913. Reversed and remanded. Opinion filed April 21, 1914.

### Statement of the Case.

Action by Max Meyers against Joel Johnson in *assumpsit* for rent of certain premises at forty-five dollars per month for certain months during a tenancy

for a year, created by the tenant holding over under an expired lease. The declaration consisted of a special count and the common counts. Judgment was entered in favor of defendant and to reverse the judgment, plaintiff appeals.

The court below refused to give instructions Nos. 7, 8, 9, requested by plaintiff. These instructions were as follows:

"7. The court instructs the jury that it is a rule of law that a person dealing with one known to be an agent, or claiming to be such, is bound at his peril to see that the agent has authority to bind his principal in such transaction, or that the agent is acting within the scope of his apparent authority.

8. The court instructs the jury as a matter of law that before Henry Hogans can be bound by the acts of his son, Harry Hogans, it must be shown by the defendant, by competent evidence, that Henry Hogans authorized Harry Hogans to act for him and in his behalf in executing the special agreement relied upon by the defendant.

9. The court instructs the jury as a matter of law that before a principal can be bound by the acts of his agent, it must be shown by the party asserting such agency that the principal authorized such agent to act for him and in his behalf, and that such agent carried out the business of his principal and within the scope of his authority as such agent; otherwise the principal is not bound by the acts of the agent."

HENRY HORNER, for appellant; ARNOLD HEAP, of counsel.

GEORGE E. RUTHER, for appellee.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

## Abstract of the Decision.

1. LANDLORD AND TENANT, § 88*—*when landlord may treat tenant holding over as tenant for another year.* A tenant holding over under a lease which expired gives the landlord the right to treat such holding over as a tenancy for another year under the terms of the original lease.

2. LANDLORD AND TENANT, § 310*—*when defense of breach of agreement in action for rent not available.* In an action to recover rent from a tenant holding over under an expired lease, where a defense was made that the landlord failed to put iron bars on windows in accordance with a written agreement signed by the landlord's son at the time the tenant signed the lease, *held* that the evidence was insufficient to show that the landlord's son had authority to sign the agreement and *held* that even though it was executed with authority, the payment of the rent continuously for twenty months, with knowledge of the absence of the bars on the windows, waived the performance of the agreement.

3. LANDLORD AND TENANT, § 264*—*when breach of agreement by landlord does not constitute eviction.* Breach of landlord's agreement to put up iron bars on rear windows does not, in law, constitute an eviction, either actual or constructive, where the tenant remains in full and complete possession of the premises and holds over after the expiration of the lease.

4. LANDLORD AND TENANT, § 325a*—*when refusal of requested instructions error.* In an action for rent, where the defense was that the landlord did not put up iron bars on windows in accordance with a written agreement signed by the landlord's son at the time the tenant signed the lease, certain instructions requested by plaintiff relating to authority of agent to bind his principal *held* improperly refused.